**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lester A. Johnston, Jr., | ) | No. CV-10-2578-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States of America, et al., | ) | |
| Defendants. | ) | |

    We have before us a motion to dismiss from defendants United States of America, Carl T. Hayden VA-Hospital, Dr. Kreul, Dr. Aiello, Dr. Dolan, Dr. Mitchell, the Office of Regional Council Region 9, Department of Veterans Affairs, and General Counsel for the Department of Veterans Affairs (doc. 20). Defendants move to dismiss on the following grounds: (1) plaintiff fails to state a claim for medical malpractice under Arizona law, see A.R.S. § 12-563; (2) plaintiff has not filed the requisite affidavit regarding expert testimony, pursuant to A.R.S. § 12-2603(A); and (3) plaintiff has not stated a claim against defendant General Counsel's Office.

    Defendants previously moved to dismiss this action (doc. 15), and plaintiff did not respond. We granted defendants' motion, but gave plaintiff leave to amend his complaint to cure the deficiencies defendants identified (doc. 16). Plaintiff filed a new complaint (doc. 19), and defendants renewed their motion to dismiss, asserting the same grounds for

1 | dismissal as in their previous motion, except that they now agree that we have subject matter
2 | jurisdiction. Once again, plaintiff has failed to respond.

If an unrepresented party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). We consider plaintiff's second failure to respond to be consent to the granting of defendants' motion. Moreover, review of plaintiff's amended complaint reveals that plaintiff has still not alleged the necessary elements of a medical malpractice claim (the standard of care, how the standards were violated, and proximate causation), filed the requisite affidavit on the necessity of expert testimony, or identified the legal basis of his claim against the General Counsel's Office.

Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 20).

DATED this 13th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge